## Dudley Porter v. Adamson & Moll.

1. PRACTICE—*Where Two Juries Have Found for the Plaintiff.*—
Where two juries have found for the plaintiff and their finding has been
approved by the circuit judge, who also saw and heard the witnesses,
their verdict will not be disturbed unless it is against the evidence and
the law applicable thereto.

Assumpsit.—Appeal from the Circuit Court of Shelby County; the
Hon. SAMUEL L. DWIGHT, Judge presiding.    Heard in this court at the
May term, 1902,   Affirmed.   Opinion filed November 1, 1902.

CHAFEE & CHEW, attorneys for appellant.

E. A. RICHARDSON and R. M. PEADRO, attorneys for appel-
lees.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The appellees, Adamson & Moll, sued the appellant,
Dudley Porter, before a justice of the peace of Shelby
county, to recover $50, the purchase price of two riding corn
cultivators which the latter had bought of the former.   The
case was tried by jury in the justice's court, and a verdict
and judgment entered in favor of the appellees for $50; and
after being removed by appeal to the Circuit Court, was
there tried by jury and resulted in a verdict and judgment
as before.   The appellant, having moved for a new trial,
which was denied, excepted, and, to effect a reversal of the
judgment of the Circuit Court, prosecutes this further
appeal and insists that the Circuit Court erred in giving
appellees' first, second, fifth, sixth and seventh instructions,
and in not granting a new trial, as the verdict is contrary to
the law and evidence.

The appellees are engaged in selling agricultural imple-
ments at Moweaqua, Shelby county, Illinois, and the appel-
lant is engaged in farming near there.   On March 23, 1901,
the appellant purchased of the appellees two " Rock Island
Ideal Gopher Riding Cultivators," which were the same
day charged to him upon their books at $50, to be . paid

June 1, 1901. The cultivators remained with the appellees until May 22, 1901, when the appellant took them to his farm and used them in cultivating (with the aid of one more) 130 acres of growing corn twice, and then (June 22, 1901,) he brought them to the store of appellees and tendered them back to appellees, claiming the right to return them under the contract of purchase. The appellees declined to receive the cultivators and denied that the appellant had the right to return them. They testified that when the cultivators were purchased, they warranted them to work as well as any others, and that the appellant agreed to take and try them and in case they worked that well, he would keep them and pay the appellees $50 on or before June 1, 1901; while the appellant testified that he only took them on trial upon the representation of the appellees that they would do as good work as the "Tower Cultivator" (with which he was acquainted) or any others, and if, after trial, he found they worked as represented, and suited him, he was to keep them and pay $50 the first of September, 1901, or some time in that month. After the appellant had used the cultivators some time, he complained to the appellees of the kind of work they did and then the appellees went to his farm to see them work, and while there, made some changes in their adjustment. The appellant after that continued using them, but complained again of their work, and insisted that the plows upon them were too far in front of where the operator sat. The appellees moved them back some and afterward procured an expert to come to appellant's farm June 21, 1901, and the cultivators were then and there worked in appellant's corn field and their work pronounced by the expert, first class, but the appellant still insisted that they did not work properly and that he was not satisfied to keep them, and the next day offered them back to appellees as above stated.

The case was tried before the jury by the appellees upon the theory that the cultivators were sold to the appellant, and warranted to work as well as any others, and if they did so, he was to pay $50 for them on or before June 1, 1901,

and that they worked as warranted; and by the appellant upon the theory that he took them upon trial and if he found they did as good work as the " Tower Cultivator" and suited him, he would keep them and pay $50 during the month of September, 1901, but if they did not work as well as the " Tower Cultivator," and did not suit him, that he had the right to return them and would have done so sooner than he did, but was induced to keep on trying them as long as he did by the maintenance of the appellees that they and their expert could make them work to suit him. Both the appellees and the appellant were corroborated in some respects by other witnesses.

The two juries before whom the case has been tried, and who saw and heard the parties and their witnesses while giving their testimony, believed the appellees and their witnesses rather than the appellant and his witnesses, and their finding has been approved by the circuit judge, who also saw and heard them; and in light of the arguments, respectively, of counsel for each of the parties filed in this court, and the evidence contained in the bill of exceptions which we have carefully examined and considered, we are unable to find that the verdict is against the evidence and the law applicable thereto.

The instructions given for the appellees and the appellant when read as one charge, correctly and fairly stated the law applicable to the evidence and the respective theories upon which the parties tried the case in the Circuit Court, and therefore the judgment there rendered ought to and will be affirmed.